# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

CATHY SELLARS,
CLAUDIA LOPEZ, and
LESLIE FORTUNE, on behalf of
themselves and all others similarly
situated,

        Plaintiffs,

vs.

CRST EXPEDITED, INC.,

        Defendant.

No. C15-0117

ORDER COMPELLING
DISCOVERY

---

On the 25th day of July 2016, this matter came on for hearing on the Motion to Compel (docket number 18) filed by the Plaintiffs on June 12, 2016. Plaintiffs were represented by their attorney, Joshua N. Friedman. Defendant was represented by its attorneys, Lisa Stephenson and Kevin J. Visser.

## I. PROCEDURAL HISTORY

On October 30, 2015, Plaintiffs Cathy Sellars, Claudia Lopez, and Leslie Fortune filed a complaint "on behalf of themselves and all others similarly situated" claiming that while employed as truck drivers at CRST they were subjected to a hostile work environment based on their sex, and were retaliated against for complaining about harassment in the workplace. Plaintiffs ask that the claim be certified as a class, and that they be designated as Class representatives. Plaintiffs seek compensatory and punitive damages, as well as injunctive relief. On November 30, 2015, CRST filed an answer, generally denying the material allegations.

On March 4, 2016, the Court filed a Scheduling Order and Discovery Plan. Among other things, the Court set deadlines for the filing of a motion for class certification and CRST's response. On August 1, 2016, Plaintiffs timely filed a motion for class certification. CRST timely filed its resistance on September 1. Plaintiffs' reply, if any, is due not later than September 16.

Meanwhile, on June 12, 2016, Plaintiffs filed the instant motion to compel. In responding to Plaintiffs' discovery requests, CRST refused to produce documents and information prior to October 2012. Plaintiffs ask the Court to compel CRST to provide the requested information from October 2009.

## II. DISCUSSION

Plaintiffs' motion to compel raises two issues: First, whether CRST waived its right to object to Plaintiffs' discovery requests; and second, whether information prior to October 2012 is relevant and discoverable. The Court will address the issues in turn.

### A. Waiver

First, Plaintiffs argue that CRST's discovery responses were untimely and, therefore, CRST waived its right to object. On January 4, 2016, Plaintiffs served 62 requests for production of documents. The parties held a RULE 26(f) conference on January 7, and the RULE 34 requests for production were considered served at that time. *See* FED. R. CIV. P. 26(d)(2)(B). Accordingly, CRST's responses were due not later than February 8. *See* FED. R. CIV. P. 34(b)(2)(A). CRST served its initial responses on March 11, some 32 days later. Since that time, CRST has served seven supplemental responses to Plaintiffs' requests, producing over 83,000 pages of documents.

Plaintiffs assert in their speaking motion that CRST was reminded repeatedly of its obligation to respond to the discovery requests. According to the motion, counsel for Plaintiffs emailed CRST's attorney on February 5, reminding her that the discovery responses were due "next week, one month following the parties' Rule 26 conference." During a telephone conference on February 9, CRST's attorney was advised that CRST's

2

responses were overdue. Plaintiffs' counsel sent another email on February 16 and counsel discussed the issue again on February 23. On March 4, Plaintiffs' counsel sent a third email, complaining that the delay "serious prejudices" Plaintiffs' case.

In its response to Plaintiffs' request for production of documents, CRST raised numerous objections, claiming the requests were vague, ambiguous, overly broad in scope, unduly burdensome, oppressive, harassing, irrelevant, work product, subject to attorney-client privilege, and invaded the right to privacy of individuals who are not parties to the litigation. Notwithstanding the objections, however, CRST produced the requested material. At the hearing, counsel for CRST confirmed that — subject to the relevant time period discussed below — CRST had produced all responsive documents. To the extent CRST is claiming an attorney/client or work product privilege, it has produced a privilege log. The privacy concerns initially raised by CRST were addressed in a stipulated protective order.

FEDERAL RULE OF CIVIL PROCEDURE 34 does not explicitly provide that a party waives an objection by failing to file a timely response to a request for production of documents.[1] Nonetheless, courts have routinely found that "if the responding party fails to make a timely objection, or fails to state the reason for an objection, he *may* be held to have waived any or all of his objections." *Scaturro v. Warren & Sweat Mfg. Co., Inc.*, 160 F.R.D. 44, 46 (M.D. Pa. 1995) (citing 4A *Moore's Federal Practice*, § 34.05[2]) (emphasis in original). *See also Henry v. National Housing Partnership*, 2007 WL 2746725 (N.D. Fla. 2007) (finding that the law is "well settled" that a party's failure to file timely objections to a request for production of documents constitutes a waiver of the objections); *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) ("Any other result would completely frustrate the time limits contained in the Federal Rules and give

---

[1] *Compare* FED. R. CIV. P. 33(b)(4) which provides, regarding responses to interrogatories, that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

3

a license to litigants to ignore the time limits for discovery without any adverse consequences.").

In *Cargill, Inc. v. Ron Berge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012), the Court addressed the issue of whether "the same waiver provision found in RULE 33(b)(4) applies to document requests under RULE 34." After reviewing the history of the "automatic waiver provision" found in RULE 33, the Court noted that recent decisions concerning waiver of objections "reflect broad exercise of judicial discretion." *Id.* at 425. Citing *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216 (N.D.W.V. 2007), the *Cargill* Court identified six factors to consider in determining whether to excuse a waiver: "(1) the length of the delay; (2) the reason for the delay; (3) whether the responding party acted in bad faith or engaged in any dilatory action; (4) whether the requesting party has been prejudiced; (5) whether the request was overly burdensome; and (6) whether waiver would impose a harsh result on the defaulting party." *Id.* at 426. "Generally, courts will impose waivers for tardiness under three conditions: (1) where there is no showing of good cause for the late response, (2) where a party has not responded to discovery requests despite court intervention, or (3) where a party has failed entirely to respond." *Cohalan v. Genie Industries, Inc.*, 276 F.R.D. 161, 164 (S.D.N.Y. 2011).

I conclude the factors in this case weigh against a finding of waiver. Plaintiffs' requests for production were extensive. There is no evidence CRST acted in bad faith or engaged in any dilatory action. The delay in producing the requested documents was comparatively short and apparently based, in part, on some confusion regarding application of the recent Rules amendments. Plaintiffs are unable to show any prejudice as a result of the delay. Accordingly, the Court concludes CRST did not waive its right to object to production of documents preceding October 2012.

## B. Relevance

In their request for production of documents, Plaintiffs define the "relevant time period" as October 2008 to the present. In their motion to compel, however, Plaintiffs

4

modified their request, seeking documents from October 2009 to the present. As set forth above, CRST has provided responsive documents from October 2012 to the present. The issue before the Court is whether CRST is required to supplement its responses by providing responsive documents between October 2009 and October 2012.

Plaintiff Leslie Fortune began working at CRST in October 2013, Plaintiff Cathy Sellars began working at CRST in November 2013, and Plaintiff Claudia Lopez began working at CRST in May 2014. The first named plaintiff to file an administrative charge was Sellars, who did so on August 8, 2014. Accordingly, claims by other putative class members must arise from acts occurring on or after October 12, 2013 (300 days prior to Sellars filing her administrative claim).[2]  In responding to Plaintiffs' requests for production of documents, CRST went back one year prior to the relevant time period. Plaintiffs ask that CRST be required to go back four years prior to the relevant time period.

The recently amended FEDERAL RULES OF CIVIL PROCEDURE set forth the scope of discovery generally:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). In a discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). *See also Rolscreen Co. v. Pella Products*,

---

[2] Plaintiffs concede that class members will be limited to women working for CRST during or after October 2013. *See* Plaintiffs' Motion to Compel (docket number 18) at 10.

145 F.R.D. 92, 94 (S.D. Iowa 1992) ("Discovery rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.").

"The scope of discovery through interrogatories and requests for production of documents is particularly broad in a Title VII case." *Miller v. Hygrade Food Products Corp*, 89 F. Supp. 2d 643, 657 (E.D. Pa. 2000). "It is well established that discovery of conduct predating the liability period of a Title VII lawsuit is relevant and courts have commonly extended the scope of discovery to a reasonable number of years prior to the liability period of a Title VII lawsuit." *Id.* (collecting cases). "The task of the trial court is to balance the clear relevance of the information against the burden on the defendant." *Id.*

Plaintiffs argue "CRST has maintained an operating policy of sex discrimination."[3] At the hearing, Plaintiffs' counsel conceded Plaintiffs "have to prove that the defendant knew or should have known that there was sexual harassment going on and failed to take adequate steps." That is, "we have to prove that it was actually the policy of the defendant to turn a blind eye to knowledge that it had actually of sexual harassment going on." Plaintiffs argue that to prove CRST's knowledge of a hostile work environment, it is necessary to go back more than one year prior to the time when claims actionable in this case could have occurred.

Plaintiffs also note that "in a hostile work environment action, Defendant will be liable for the full course of a hostile work environment that was a continuing violation, so long as one act of harassment occurred within the 300 day period."[4] According to CRST, "[t]o the extent any putative class member also complained prior to October 2012, CRST

---

[3] Plaintiffs' Motion to Compel (docket number 18) at 2.

[4] *Id.* at 10.

6

produced all investigation files in its possession relating to those prior complaints."[5]  The Court is not convinced, however, that this limited production prior to October 2012 fully captures CRST's knowledge of harassment or a hostile work environment and whether, as claimed by Plaintiffs, "CRST has engaged in illegal, intentional discrimination on the basis of sex, by creating a hostile work environment based on sex with respect to all women employed as truck drivers."[6]

After carefully considering the factors set forth in RULE 26(b)(1), including the importance of the discovery and the relative burden of obtaining the requested discovery, the Court finds CRST should be required to produce the requested documents for the additional three years in dispute.  That is, CRST has responded to the discovery requests for the time period beginning October 2012.  The Court now finds that CRST must provide the requested documents for the time period beginning in October 2009.

### III.  ORDER

IT IS THEREFORE ORDERED that the Motion to Compel (docket number 18) filed by the Plaintiffs is **GRANTED**.  Defendant must timely respond to the requested discovery for the time period beginning in October 2009.

DATED this  12th  day of September, 2016.

_____

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[5] Defendant's Resistance (docket number 19) at 9, fn 3.

[6] Complaint (docket number 2) at 57, ¶ 285.